UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JOSE ZAMBRANO,

    Plaintiff,

v.

MOTORCITY BURGER COMPANY,
INC., d/b/a MOTORCITY BURGER
& COMPANY,

and

NIKOLA LULGJURAJ,

    Defendants.

Case No. 17-CV-10295

Hon. _____

Magistrate _____

# COMPLAINT

## PRELIMINARY STATEMENT

1.    Plaintiff Jose Zambrano brings this action against his former employers, Motorcity Burger Company, Inc. d/b/a Motorcity Burger & Company and Nikola Lulgjuraj for violations of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, or, in the alternative, the Michigan Worker Opportunity Wage Act (generally referred to as the "MWOW Act" hereinafter) arising out of his employment at Motorcity Burger & Company restaurant. During his employment at Motorcity Burger & Company restaurant, Plaintiff Zambrano was not compensated at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty hours in a given workweek in violation of the FLSA or, in the alternative, the MWOW Act.

2. Plaintiff Zambrano brings this action pursuant to the FLSA for purposes of obtaining relief for unpaid overtime compensation, unpaid wages, back pay, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate. In the alternative, Plaintiff Zambrano brings this action pursuant to the MWOW Act, for purposes of obtaining relief for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief that the Court may deem appropriate.

3. Defendants Motorcity Burger Company, Inc. d/b/a Motorcity Burger & Company and Nikola Lulgjuraj's willful, dilatory, and unjust failure to compensate Plaintiff Zambrano at one and one-half times his regular rate for hours worked in excess of forty in a given workweek violates the FLSA or, alternatively, the MWOW Act.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. §§ 201 *et seq.*

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the Eastern District of Michigan because a substantial part of the

events giving rise to the claims occurred within the District and Defendants Motorcity Burger Company, Inc. d/b/a Motorcity Burger & Company and Nikola Lulgjuraj have substantial and systematic contacts in this District.

## PARTIES

7. Defendant Motorcity Burger Company, Inc. d/b/a Motorcity Burger & Company ("Motorcity") is a Michigan corporation with a principal place of business located in Pontiac, Michigan. Motorcity's registered agent for service of process in the State of Michigan is Nikola Lulgjuraj located in West Bloomfield, Michigan.

8. Defendant Nikola Lulgjuraj ("Mr. Lulgjuraj") is an adult resident of Oakland County in the State of Michigan. Mr. Lulgjuraj is the owner of Motorcity and has had operational control over all aspects of Motorcity – including compensation and human resources policies and practices – at all times relevant to this matter.

9. Motorcity and Mr. Lulgjuraj are joint employers and collectively referred to hereinafter as "Defendants."

10. Joinder of Defendants is proper pursuant to Fed. R. Civ. P. 20(a)(2) because Plaintiff Zambrano's rights to relief are asserted against Defendants arising out of the same series of occurrences and common questions of law and fact.

11. Plaintiff Jose Zambrano is an adult resident of Oakland County in the State of Michigan. Plaintiff Zambrano formerly worked as a dishwasher for Defendants at times since January 30, 2014.

## GENERAL ALLEGATIONS

12. Defendants operate and/or operated Motorcity Burger & Company – a restaurant located in Pontiac, Michigan – at times since January 30, 2014.

13. From approximately September 2015 through July 2016, Plaintiff Zambrano was employed as a dishwasher by Defendants at the Motorcity Burger & Company restaurant.

14. During the course of his employment for Defendants between approximately September 2015 and July 2016, Defendants agreed to pay Plaintiff Zambrano at a rate of $8.50 per hour for his hours worked.

15. During the course of his employment for Defendants since approximately September 2015, Defendants paid Plaintiff Zambrano on a weekly basis.

16. Defendants' workweek since approximately September 2015 has been the seven day period starting on Monday of a particular week and ending on Sunday of the following week.

17. During the course of his employment for Defendants since approximately September 2015, Defendants suffered or permitted Plaintiff Zambrano to work in excess of forty hours in various workweeks.

18. Despite suffering or permitting Plaintiff Zambrano to work in excess of forty hours in various workweeks since approximately September 2015, Defendants regularly failed to compensate Plaintiff Zambrano at a rate of one and one-half times his regular rate of $8.50 per hour for hours worked in excess of forty in a given workweek.

19. For example, for the workweek beginning on November 2, 2015 and ending on November 8, 2015, Defendants compensated Plaintiff Zambrano for 49 hours of work at rate of $8.50 per hour without any additional pay for overtime premiums.

20. In performing his duties for Defendants since approximately September 2015, Plaintiff Zambrano regularly used cleaning and other products products which were manufactured outside the State of Michigan.

21. On information and belief, Motorcity has had an annual dollar volume of sales or business done of at least $500,000.00 in each year since 2015.

22. Defendants have had at least two employees at a given point in time in each year since 2015.

23. As a result of Defendants' actions as alleged herein, Defendants failed to compensate Plaintiff Zambrano all overtime wages earned for hours worked in excess of forty in a given workweek in violation of the FLSA or, alternatively, the MWOW Act.

24. Defendants' actions as alleged herein were willful, dilatory, and unjust and have deprived Plaintiff Zambrano of all compensation owed to him pursuant to the FLSA or, alternatively, the MWOW Act.

### FIRST CLAIM FOR RELIEF
#### Violations of the Fair Labor Standards Act – Unpaid Overtime

25. Plaintiff Zambrano reasserts and incorporates by reference all previous paragraphs as if they were set forth herein.

26. Between approximately September 2015 and July 2016, Plaintiff Zambrano was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.* as an employee of Defendants.

27. Between approximately September 2015 and July 2016, Motorcity was an employer of Plaintiff Zambrano within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

28. Between approximately September 2015 and July 2016, Mr. Lulgjuraj was an employer of Plaintiff Zambrano within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

29. At all times since 2015, Motorcity was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30. At all times during his employment for Defendants since approximately September 2015, Plaintiff Zambrano was engaged in commerce or the production of goods for commerce within the meaning of the FLSA.

31. Plaintiff Zambrano is a victim of Defendants' compensation policies and practices in violation of the FLSA, by Defendants' failure to compensate Plaintiff Zambrano for all work performed over forty hours in a given workweek at one and one-half times his regular rate in any given workweek since approximately September 2015.

32. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in

the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of good for commerce. 29 U.S.C. § 207(a)(1).

33. Defendants were and are subject to the overtime pay requirements of the FLSA because Motorcity was an enterprise engaged in commerce and/or Plaintiff Zambrano was engaged in commerce during the course of his employment for Defendants, as defined by the FLSA, 29 U.S.C. § 203(b), at all times during his employment for Defendants.

34. Defendants' failure to properly compensate Plaintiff Zambrano was willfully perpetrated. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff Zambrano is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above, pursuant to 29 U.S.C. § 216(b).

35. Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Zambrano is entitled to an award of pre-judgment interest at the applicable legal rate.

36. As a result of the aforementioned willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiff Zambrano for which Defendants are liable pursuant to 29 U.S.C. § 216(b).

37. Pursuant to 29 U.S.C. § 216(b), Plaintiff Zambrano is entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action for unpaid wages and overtime wages.

## ALTERNATIVE CLAIM FOR RELIEF
### Violations of MWOW Act – Unpaid Overtime Wages

38. Plaintiff Zambrano reasserts and incorporates by reference paragraphs 1 through 19 and 22 through 24 as if they were set forth herein.

39. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Plaintiff Zambrano was entitled to the overtime pay rights and protections enumerated in the MWOW Act, Mich. Comp. Laws §§ 408.412 *et seq.*

40. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Plaintiff Zambrano was an employee of Defendants pursuant to Mich. Comp. Laws § 408.412(c).

41. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Motorcity was an employer of Plaintiff Zambrano pursuant to Mich. Comp. Laws § 408.412(d).

42. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Mr. Lulgjuraj was an employer of Plaintiff Zambrano pursuant to Mich. Comp. Laws § 408.412(d).

43. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Motorcity has employed Plaintiff Zambrano pursuant to Mich. Comp. Laws § 408.412(b).

44. At all times while Plaintiff Zambrano worked at the Motorcity Burger & Company restaurant since approximately September 2015, Mr. Lulgjuraj has employed Plaintiff Zambrano pursuant to Mich. Comp. Laws § 408.412(b).

45. Defendants violated Mich. Comp. Laws § 408.414(a)(1) by failing to pay Plaintiff Zambrano overtime compensation at one and one-half times his regular rate of pay for all hours worked in excess of forty in any given workweek during the course of his employment at the Motorcity Burger & Company restaurant since approximately September 2015.

46. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Zambrano is entitled to damages in the amount of his unpaid overtime wages for each workweek he worked in excess of forty hours for Defendants since the start of his employment for Defendants – approximately September 2016.

47. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Zambrano is entitled to liquidated damages in an amount equal to his unpaid overtime wages for each workweek he worked in excess of forty hours for Defendants since the start of his employment for Defendants – approximately September 2016.

48. Pursuant to Mich. Comp. Laws § 408.419(1)(a), Plaintiff Zambrano is entitled to recovery of costs and reasonable attorneys' fees incurred through this action.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Zambrano respectfully prays that this Court grant the following relief:

a) An Order finding that Defendants violated the FLSA or, alternatively, the MWOW Act in failing to pay Plaintiff Zambrano

at one and one-half times his regular rate for hours worked in excess of forty in a given workweek;

b) An Order finding that Defendants violations of the FLSA or, alternatively, the MWOW Act were willful, dilatory, and unjust;

c) Judgment against Defendants in the amount equal to the Plaintiff's unpaid wages at the applicable overtime rates for all time spent performing work for which Plaintiff was not paid pursuant to the rate mandated by the FLSA or, alternatively, the MWOW Act;

d) An award in the amount of all liquidated damages and/or civil penalties available to Plaintiff Zambrano as provided under the FLSA or, alternatively, the MWOW Act;

e) An award in the amount of all costs and attorneys' fees incurred in the course of prosecuting these claims as well as pre-judgment and post-judgment interest; and

f) Such other relief as the Court deems just and equitable.

Dated this 30th day of January 2017.

>Respectfully submitted,
>
>*s/Summer H. Murshid*
>Summer H. Murshid
>Wis. Bar No. 1075404
>Timothy P. Maynard
>Wis. Bar No. 1080953
>
>**Hawks Quindel, S.C.**

222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: (414) 271-8650
Fax: (414) 271-8442
Email(s):   smurshid@hq-law.com
            tmaynard@hq-law.com

s/      Brian H. Mahany
Brian H. Mahany

**Mahany Law**
P.O. Box 511328
Milwaukee WI 53202
Phone: 414-258-2375
Fax: 414-777-0776
Email:      brian@mahanylaw.com


**Attorneys for Plaintiff**