# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Jose Zambrano,

                Plaintiff,        Case No. 17-cv-10295

v.                                 Judith E. Levy
                                 United States District Judge
Motorcity Burger Company Inc.,
d/b/a Motorcity Burger &         Mag. Judge Elizabeth A. Stafford
Company, and Nikola Lulgjuraj,

                Defendants.

_____/

# OPINION AND ORDER APPROVING SETTLEMENT AGREEMENT

On January 30, 2017, plaintiff brought this action against Defendants alleging that they violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Michigan Worker Opportunity Wage Act.

The parties have agreed upon a settlement amount and the material settlement terms and have executed a Settlement Agreement and Release. According to the Settlement Agreement, defendants agree

to pay $3,565.76 as compensation, and $3,396.24 in attorney fees and costs, for a total of $6,962.00.

Plaintiff's counsel subsequently filed supplemental briefs and affidavits indicating that 25 hours was spent working on the case by five attorneys who charge between $250 and $350 per hour. (Dkts. 9, 10.) Counsel state the amount of attorney fees and costs that would be owed absent the settlement agreement would be $7,791.00. (*Id.*)

Judicial approval of settlement agreements in FLSA cases is necessary for an agreement to be enforceable. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Smolinski v. Ruben & Michelle Enters. Inc.*, Case No. 16-cv-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). This requires the court to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

Although there is not a prescribed process for making this determination, courts generally consider the following factors in non-collective FLSA cases:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see Williams v. Alimar Sec., Inc.*, No. 13-12732, 2017 U.S. Dist. LEXIS 13530, at *2 (E.D. Mich. Feb. 1, 2017); *Arrington v. Mich. Bell Tel. Co.*, No. 10-10975, 2012 U.S. Dist. LEXIS 157362, at *3 (E.D. Mich. Nov. 2, 2012). And when the settlement agreement includes the payment of attorney's fees, the court must also assess the reasonableness of that amount before approving the settlement. *Wolinsky*, 900 F. Supp. 2d at 336.

After reviewing plaintiff's complaint, the settlement agreement, and plaintiff's counsel's billing, the Court finds that the settlement agreement is fair and reasonable.

The complaint lacks a number of details relevant to determining whether the $3,565.76 in compensation is fair. But plaintiff states that he was not paid overtime "since September 2015" and until the end of his employment, the date of which is not specified. Further, the complaint

3

alleges he was not paid for nine hours of overtime the week of November 2. Assuming plaintiff was paid his base hourly pay of $8.50 for nine hours of overtime each week from September 2015, to the filing of the complaint on January 30, 2017, instead of $12.75 in overtime, plaintiff would be owed approximately $2,945.25 in unpaid wages. This amount is slightly less than what defendant agreed to pay in the settlement, $3,565.76, and the Court therefore finds the settlement fair and reasonable as to compensation.

Moreover, because the parties agreed to settle before discovery began, they saved substantial time and resources from continuing to develop their claims and defenses.

The negotiation was also the product of an arm's-length transaction. Plaintiff's interests were represented by Hawks Quindel S.C. and Mahany Law, and defendants' interests were represented by Starr, Butler, Alexopoulos, & Stoner, PLLC. And counsel for each side is experienced in handling FLSA cases. Further, there is no evidence of fraud or collusion.

The Court also finds that the attorney fee to which the parties agreed is fair and reasonable. Plaintiff's counsel agreed to take the case

4

on contingency, and the settlement provides for $3,396.24 in attorney fees and costs, which is approximately 43.6% of the total fees and costs that counsel submits has accrued in this case. (Dkts. 9, 10.)

To determine whether the fees and costs are reasonable, the Court considers the number of hours reasonably expended multiplied by a reasonable hourly rate (the "lodestar method"). *Oliva v. United States*, No. 1:15-cv-1060, 2016 U.S. Dist. LEXIS 181493, at *8 (W.D. Mich. Dec. 22, 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

A reasonable hourly rate is generally calculated according to the "prevailing market rates in the relevant community." *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "relevant community" here is the Eastern District of Michigan. *See Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000) (relevant community is the legal community within the court's territorial jurisdiction). And the "'prevailing market rate' is that rate which lawyers of comparable skill and experience can expect to command" in the relevant community. *See id.* "The appropriate rate . . . is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent

representation." *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 618 (6th Cir. 2007).

Here, plaintiff's counsel spent a total of 25 hours on the case and $526 in costs. (*See* Dkts. 9, 10.) The Court has reviewed plaintiff's counsel's billing records, and finds the number of hours was reasonably expended, given the research, negotiation, and drafting that was involved in bringing and settling the complaint.

Counsel has requested an hourly rate of $250 for Timothy Maynard, who was admitted to the bar in 2013 and has worked on employment-related matters since 2015. Counsel has requested an hourly rate of $300 for Katherine Holiday, who was admitted to the bar in 2011 and has worked on employment-related matters since that time. Finally, counsel requests an hourly rate of $350 for Brian Mahany, Larry Johnson, and Summer Murshid. Mr. Mahany has practiced law since 1985, focusing on plaintiffs' wage and hour and fraud litigation. Mr. Johnson and Ms. Murshid have been handling employment-related matters in federal court since 2007 and 2009, respectively. (Dkts. 9, 10.)

According to the most recent survey from the State Bar of Michigan, plaintiffs' side employment attorneys in this community charge $200-per-

hour at the 25th percentile, $250-per-hour at the median, and $330-per-hour at the 75th percentile.  *See* STATE BAR OF MICHIGAN, ECONOMICS OF LAW PRACTICE (2014), http://www.michbar.org/file/pmrc/articles/0000151.pdf.  Although plaintiff's counsels' rates are at or above the median rate, given the relative experience of plaintiff's counsel, the requested rates of $250-per-hour to $350-per-hour are reasonable.

Further, given that counsel are receiving less than half of what they have billed, they are receiving approximately a $135.85-per-hour rate, which is more than reasonable.  Thus, the $3,396.24 attorney fees and costs provided for in the Settlement Agreement is a fair and reasonable amount.

Accordingly, it is hereby ORDERED that the Settlement Agreement and Release be and is approved, as submitted.

IT IS SO ORDERED.

Dated: April 25, 2017           s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                               United States District Judge

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2017.

                                              s/Felicia M. Moses
                                              FELICIA M. MOSES
                                              Case Manager